## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZHI FANG ZHU, )| |
| )| |
| )| CIVIL ACTION NO. |
| )| |
| Plaintiff, )| |
| v. )| JURY TRIAL DEMANDED |
| )| |
| HENKEL CORPORATION, HENKEL )| |
| NORTH AMERICA CONSUMER )| |
| GOODS, INC.,  HENKEL OF AMERICA, )| |
| INC., SCHWARZKOPF, INC., AND )| |
| HENKEL AG & COMPANY, KGaA, )| |
| JOHN DOES 1-20, )| |
| )| |
| Defendants. )| |
| )| |

## COMPLAINT

Plaintiff, by and through their undersigned counsel, bring this action against HENKEL CORPORATION, HENKEL NORTH AMERICA CONSUMER GOODS, INC, HENKEL OF AMERICA, INC., SHWARZKOPF, INC.,  HENKEL AG & COMPANY, KGaA and JOHN DOES 1-20,  (collectively referred to as "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for damages suffered by the Plaintiff as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Schwarzkopf Keratin Color.

2.      Schwarzkopf Professional Quality Keratin Color hair care products and dyes are manufactured, marketed and/or sold by the Defendants.

3.      At all times relevant hereto, Schwarzkopf Professional Quality Keratin Color hair

1

care was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendants HENKEL CORPORATION, HENKEL NORTH AMERICA, HENKEL CONSUMER GOODS, INC., SCHWARZKOPF, INC. and  HENKEL AG & COMPANY, KGaA,

## PARTIES

1.      At all times relevant hereto, Plaintiff ZHI FANG ZHU was and has been a resident and citizen of the Commonwealth of Pennsylvania.

2.      HENKEL CORPORATION ("HENKEL") is a Delaware Corporation, which has its principal place of business at One Henkel Way, Rocky Hill, CT 06067.

3.      HENKEL CORPIRATION is a wholly owned subsidiary of HENKEL AG & COMPANY, KGaA.

4.      HENKEL NORTH AMERICA CONSUMER GOODS, INC. d/b/a Schwarzkopf ("HENKEL CONSUMER GOODS") is a Delaware corporation, which has its principal place of business at One Henkel Way, Rocky Hill, CT 06067.

5.      HENKEL CONSUMER GOODS is a wholly owned subsidiary of HENKEL AG & COMPANY, KGaA.

6.      HENKEL OF AMERICA INC. ("HENKEL USA") is a Delaware corporation, which has its principal place of business at One Henkel Way, Rocky Hill, CT 06067.

7.      HENKEL USA is a wholly owned subsidiary of HENKEL AG & COMPANY, KGaA.

8.      SCHWARZKOPF, INC. ("SCHWARZKOPF") is a California corporation, which has its principal place of business at 19001 North Scottsdale Road, Scottsdale, AZ 85255.

9.      SCHWARZKOPF, INC. is a wholly owned subsidiary of HENKEL AG &

COMPANY, KGaA.   SCHWARZKOPF conducts business as one of the numerous brands of consumer products that are designed, manufactured, and disseminated by HENKEL CONSUMER GOODS and HENKEL AG & COMPANY, KGaA.  SCHWARZKOPF's focus is on the Henkel companies' line of hair care and hair coloring products.

10.     HENKEL AG & COMPANY, KGaA, ("HENKEL AG") is a  German business entity with its principal place of business located at Henkel AG & Co. KGaA, 40191 Düsseldorf Germany.

11.     HENKEL AG is the parent company of HENKEL, HENKEL USA, and HENKEL COSUMER GOODS.

12.     JOHN DOES 1-20 are persons or entities whose names are presently unknown to Plaintiff but who may be liable to Plaintiff for the injuries and resulting damages plead herein.

13.     HENKEL, HENKEL USA, HENKEL COSUMER GOODS, SCHWARZKOPF, INC. and HENKEL AG (collectively, the "Henkel Defendants") have purposefully conducted business and derived substantial revenue from Pennsylvania, including marketing, disseminating and selling their Schwarzkopf Professional Quality Keratin Color product in Pennsylvania, to individuals like the Plaintiff.

14.     HENKEL, HENKEL USA, HENKEL COSUMER GOODS, SCHWARZKOPF, INC. and HENKEL AG have derived substantial revenue from goods and products disseminated and used in the State of Pennsylvania, including the Schwarzkopf Professional Quality Keratin Color product.

15.      HENKEL, HENKEL USA, HENKEL COSUMER GOODS, SCHWARZKOPF, INC. and HENKEL AG purposefully placed the Schwarzkopf Professional Quality Keratin Color product into the stream of commerce and should have reasonably expected their acts to have

consequences within the Commonwealth of Pennsylvania.

16.     HENKEL, HENKEL USA, HENKEL COSUMER GOODS, SCHWARZKOPF, INC. and HENKEL AG continuously conducted business in the Commonwealth of Pennsylvania at all times relevant herein.

17.     The Henkel Defendants promoted, designed, manufactured, and sold the Schwarzkopf Professional Quality Keratin Color hair care products in the Commonwealth of Pennsylvania. Plaintiff purchased the Schwarzkopf Professional Quality Keratin Color hair care products in the Commonwealth of Pennsylvania, used the product in the Commonwealth of Pennsylvania, was injured in the Commonwealth of Pennsylvania and received medical treatment in the Commonwealth of Pennsylvania and this federal judicial district.

18.     The Henkel defendants purposefully availed themselves of the benefits of conducting business in the Commonwealth of Pennsylvania by designing the Schwarzkopf Professional Quality Keratin Color hair care product and marketing, promoting, and selling the Schwarzkopf Professional Quality Keratin Color hair care product to individuals such as the Plaintiff.

19.     HENKEL, HENKEL USA, and HENKEL COSUMER GOODS and HENKEL AG expected or should have expected their acts to have consequences within the Commonwealth of Pennsylvania and derived substantial revenue from interstate commerce.

20.     At all relevant times, HENKEL, HENKEL USA, and HENKEL COSUMER GOODS are and have been registered with the Pennsylvania Secretary of State to conduct business in Pennsylvania as foreign business corporations.

## JURISDICTION AND VENUE

21.     This Court has personal jurisdiction over the Defendants based on Diversity of

Citizenship pursuant to 28 U.S.C. Section 1332(a)(1), and the amount in controversy is well in excess of the jurisdictional limit of $75,000.

22.     Additionally, this Court has personal jurisdiction over the foreign Defendants due to their registration, behavior and conducting of business in the Commonwealth of Pennsylvania, including, but not limited to, designing, manufacturing, marketing, selling, and placing into the stream of commerce the Schwarzkopf Professional Quality Keratin Color hair care product.

23.     Jurisdiction over the foreign Defendants comports with the Due Process Clause requirements. Plaintiff's claims arise out of or relate to at least one of the Defendant's contacts with the forum, the Defendant purposefully availed itself of the forum, and exercising jurisdiction over the foreign Defendants does not violate traditional notions of fair play and substantial justice.

24.     This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

25.     Venue is proper pursuant to 28 U.S.C. § 1391 because the claims made in this case, such as Plaintiff's purchase and use of the Schwarzkopf Professional Quality Keratin Color product, as well as Plaintiff's injury and treatment of that injury, occurred in this district.

26.     At all relevant times, Plaintiff resided in the Commonwealth of Pennsylvania and this judicial district.

## FACTUAL ALLEGATIONS
## DEFENDANTS' PRODUCTION AND SALE OF SCHWARZKOPF PROFESSIONAL QUALITY KERATIN COLOR HAIR CARE AND DYE PRODUCTS

23.     Defendants worked together for the unified purpose of developing, designing, formulating, manufacturing, packaging, labeling, advertising, marketing, instructing on and warning about, distributing and selling Schwarzkopf Professional Quality Keratin Color hair care

and dye products at issue here.

24.     Defendants developed, designed, formulated, manufactured, packaged, labeled, advertised, marketed, instructed on and warned about, distributed and sold Schwarzkopf Professional Quality Keratin Color hair care and dye products at issue here.

25.     Schwarzkopf Professional Quality Keratin Color is a cosmetic hair care dye intended to alter an individual's appearance and alter hair color available over-the-counter for direct purchase by consumers, such as Plaintiff herein.

26.     Even if used as directed, Defendants failed to adequately warn against the negative effects and risks associated with this product including, but not necessarily limited to, long term usage and the cumulative effects of long term usage, all discussed elsewhere in this Complaint.

27.     Defendants knew or should have known that Schwarzkopf Professional Quality Keratin Color products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, hair loss.

28.     In omitting, concealing, and inadequately providing critical safety information regarding the use of Schwarzkopf Professional Quality Keratin Color in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers, including Plaintiff, and upon which consumers, including Plaintiff, detrimentally relied. This conduct is fraudulent, unfair, and unlawful.

29.     Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Schwarzkopf Professional Quality Keratin Color.

30.     Instead, Defendants represented that their product was safe and effective when

used as directed, even though Defendants knew or should have known that their allergy test instruction was flawed, contradictory, confusing and ineffective.

31.     Defendants also failed to warn or disclose to consumers and the public in general that Asian Americans are more than two times as likely to have a severe reaction to their products as other consumers.

32.     Defendants' warning label for Schwarzkopf Professional Quality Keratin Color inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this Complaint. Even when such risks are mentioned, they are minimized, downplayed, and/or contradicted, further reducing the utility, if any, of the products' warnings.

33.     Defendants actively marketed Schwarzkopf Professional Quality Keratin Color to consumers knowing that it would cause serious and severe reactions to consumers and failed to warn or disclose this fact to consumers and the public in general, and Plaintiff in particular, who relied upon Defendants representations that the product was safe when used as directed.

34.     Defendants have an internal claims process in place to obtain liability releases and compensate consumers who are injured by Schwarzkopf Professional Quality Keratin Color products.

35.     Defendants' claim process is in place to cover up any problems associated with their Schwarzkopf Professional Quality Keratin Color products and prevent consumers who are injured from taking legal action.

36.     Plaintiff is unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any of their Schwarzkopf Professional Quality Keratin Color products.

37.     Defendants have a duty to monitor the safety of their products and it is reasonable

for them to conduct multiple clinical trials and/or studies related to the safety of their Schwarzkopf Professional Quality Keratin Color products; however, they have failed to do so.

38.     Defendants knew or should have known of the high number of adverse reactions and injuries related to their Schwarzkopf Professional Quality Keratin Color products from a multitude of sources, including but not limited to their internal claims process, making their failure to conduct any studies or clinical trials particularly egregious.

## PLAINTIFFS' USE OF SCHWARZKOPF PROFESSIONAL QUALITY KERATIN COLOR

39.     Plaintiff ZHI FANG ZHU is and was at all times alleged herein a citizen of the State of Pennsylvania and at all material times has resided in Mercer, PA.  Plaintiff brings this action in her individual capacity.

40.     On or about May 2017, Plaintiff purchased and used the Schwarzkopf Professional Quality Keratin Color – Cappuccino 4.0 product in a foreseeable manner and consistent with instructions for use .

41.     However, after using the product, the Plaintiff suffered burning and ultimately, alopecia (hair loss).

42.     This hair loss occurred approximately one week after Plaintiff used the product, as directed, to color her hair.

43.     Her alopecia was total, leaving her fully bald.   This loss was extremely taxing to the Plaintiff, and has caused her significant pain and suffering.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING

44.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

45.     The Schwarzkopf Professional Quality Keratin Color manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

46.     As a direct and proximate result of Plaintiff's use of the Schwarzkopf Professional Quality Keratin Color as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm.

47.     Upon information and belief, one or more "lots" and/or "batches" of Schwarzkopf Professional Quality Keratin Color were defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

48.     Upon information and belief, Plaintiff purchased and was injured by one or more of the "lots" and/or "batches" of Schwarzkopf Professional Quality Keratin Color that was defectively manufactured by Defendants.

49.     Additional information concerning any defective manufacture is in the exclusive custody and control of the Defendants.

50.     As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DESIGN DEFECT

51.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

52.     Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Schwarzkopf Professional Quality Keratin Color.

53.     The Schwarzkopf Professional Quality Keratin Color manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

54.     The Schwarzkopf Professional Quality Keratin Color that Plaintiffs used had not been materially altered or modified prior to their use.

55.     The foreseeable risks associated with the design or formulation of Schwarzkopf Professional Quality Keratin Color, include, but are not limited to, the fact that the design or formulation of Schwarzkopf Professional Quality Keratin Color is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

56.     Schwarzkopf Professional Quality Keratin Color is also defectively designed because it contains the unreasonably dangerous ingredients, though there are reasonably safer, and effective alternatives to hair dye.

57.     Schwarzkopf Professional Quality Keratin Color is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace.

58.     Schwarzkopf Professional Quality Keratin Color is also defectively designed

because the patch test selected by Defendants, and the method by which Defendants have chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

59.     Schwarzkopf Professional Quality Keratin Color is also defectively designed because the patch test, and the method by which Defendants have chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to, the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

60.     Schwarzkopf Professional Quality Keratin Color is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

   a.   Schwarzkopf Professional Quality Keratin Color products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as Asian Americans;

   b.   Defendants minimize and downplay those risks associated with Schwarzkopf Professional Quality Keratin Color hair dye that they chose to disclose;

   c.   Schwarzkopf Professional Quality Keratin Color products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

   d.   Schwarzkopf Professional Quality Keratin Color products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

   e.   Schwarzkopf Professional Quality Keratin Color products fail to provide adequate or reasonable instructions as to the use of the patch test included

11

with the product; and

f.   Schwarzkopf Professional Quality Keratin Color products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

g.   Schwarzkopf Professional Quality Keratin Color products contradicts its instruction for a patch test by instructing not to apply the product to the skin.

h.   Schwarzkopf Professional Quality Keratin Color products fail to instruct that alopecia can occur more than 48 hours after using the product or performing a patch test.

61.   As a direct and proximate result of Plaintiff's use of Schwarzkopf Professional Quality Keratin Color as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

62.   As a direct and proximate result of the foregoing, Plaintiff is individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life and safety.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**STRICT PRODUCTS LIABILTY – DEFECT DUE TO INADEQUATE WARNING**

63.   Plaintiff incorporates by reference each and every paragraph of this Complaint as

if fully set forth herein and further alleges as follows:

64.     The Schwarzkopf Professional Quality Keratin Color manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers and/or their health care providers of such risks as follows:

        a.  Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Schwarzkopf Professional Quality Keratin Color that are marketed to be used repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers;

        b.  Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of Schwarzkopf Professional Quality Keratin Color, in light of the likelihood that the product would cause the harm claimed by Plaintiffs and in light of the likely seriousness of that harm.

65.     Defendants, as manufacturers of Schwarzkopf Professional Quality Keratin Color, are held to the level of knowledge of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Schwarzkopf Professional Quality Keratin Color and failed to do so.

66.     Defendants failed to reasonably or adequately warn users of this risks of Schwarzkopf Professional Quality Keratin Color for the following reasons, among others:

        a.  Schwarzkopf Professional Quality Keratin Color products fail to warn of the rates

of adverse reaction among the general population and among certain population groups, such as Asian-Americans,

b.  Defendants minimize and downplay those risks associated with Schwarzkopf Professional Quality Keratin Color hair dye that they chose to disclose;

c.  Schwarzkopf Professional Quality Keratin Color products fail to warn at all about the potential risk of dry hair;

d.  Schwarzkopf Professional Quality Keratin Color products fail to warn at all about the potential risk of temporary and permanent alopecia,

e.  Schwarzkopf Professional Quality Keratin Color products fail to display and advise of the product's risks, or proper use,

f.  Schwarzkopf Professional Quality Keratin Color products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

g.  Schwarzkopf Professional Quality Keratin Color products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

67.     The Schwarzkopf Professional Quality Keratin Color manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of Schwarzkopf Professional Quality Keratin Color, Defendants failed to provide an adequate warning to consumers of the product, knowing the product could cause serious injury as set forth herein.

68.     Plaintiff read and followed the deficient instructions and directions that were provided with Defendants Schwarzkopf Professional Quality Keratin Color products.

69.     As a direct and proximate result of Plaintiffs' use of Schwarzkopf Professional Quality Keratin Color as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

70.     As a direct and proximate result of the foregoing, Plaintiffs are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### STRICT PRODUCTS LIABILTY DUE TO NON CONFORMANCE WITH REPRESENTATIONS

71.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

72.     As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Schwarzkopf Professional Quality Keratin Color hair dye, and minimized and downplayed those risks they chose to disclose

73.     The Schwarzkopf Professional Quality Keratin Color manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

74.     These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Schwarzkopf Professional Quality Keratin Color products by consumers including but not limited to Plaintiffs.

75.     As a direct and proximate result of Plaintiffs' use of the Schwarzkopf Professional Quality Keratin Color and their reliance on Defendants' representations regarding the safety of Schwarzkopf Professional Quality Keratin Color, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

76.     As a direct and proximate result of the foregoing, Plaintiffs are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE**

77.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

78.     Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Schwarzkopf Professional Quality Keratin Color, including a duty to insure that Schwarzkopf Professional Quality Keratin Color did not pose a significantly increased risk of injury to Plaintiffs and other consumers.

16

79.     Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Schwarzkopf Professional Quality Keratin Color. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiffs or other consumers.

80.     Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Schwarzkopf Professional Quality Keratin Color for the reasons set forth in this Complaint.

81.     Defendants failed to exercise reasonable care in the patch test it chose to include with this product, and further failed to exercise reasonable care in the instructions as to how to conduct the patch test, all as set forth elsewhere in the Complaint.

82.     Despite the fact that Defendants knew or should have known that Schwarzkopf Professional Quality Keratin Color  could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants continued to market Schwarzkopf Professional Quality Keratin Color  as a safe and effective hair dye

83.     Despite the fact that Defendants knew or should have known that Schwarzkopf Professional Quality Keratin Color  could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants failed to use ordinary care in warning

Plaintiffs and other consumers of this risk.

84.     As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered significant damages, including but not limited to physical injury, pain and suffering and further treatment and will continue to suffer such damages in the future.

85.     In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud.

WHEREFORE, Plaintiffs demand judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

86.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

87.     Defendants expressly warranted that Schwarzkopf Professional Quality Keratin Color was a safe and effective hair dye.

88.     Defendants expressly warranted that their product is safe and effective and that Schwarzkopf Professional Quality Keratin Color products "compliment your tone giving you that luminous look in your skin, while the unique Keratin Complex system cares & protects during and after coloring[.]"

89.     Defendants also expressly warranted that the product would provide:

a.   "Fuller hair with up to 80 % less hair breakage"

b.   "Perfect shades that flatter your skin"

c.   "100% gray coverage with long lasting color fidelity;"

d.   "Low   odor   coloring   experience   thanks   to   the   Ammonia   Control

18

Technology[.]"

90.     The Schwarzkopf Professional Quality Keratin Color manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to the  Plaintiff when used as recommended and directed.

91.     As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

92.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

93.     At the time Defendants designed, manufactured, marketed, sold, and distributed Schwarzkopf Professional Quality Keratin Color for use by Plaintiff, Defendants knew of the use Schwarzkopf Professional Quality Keratin Color was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

94.     Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether Schwarzkopf Professional Quality Keratin Color was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

95.     Contrary to such implied warranty, the Schwarzkopf Professional Quality Keratin Color was not of merchantable quality or safe for its intended use, because the product was

unreasonably dangerous and defective as described above.

96.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT REPRESENTATION AND FRAUD

97.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

98.     As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Schwarzkopf Professional Quality Keratin Color hair dye, and minimized and downplayed those risks they chose to disclose.

99.     These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Schwarzkopf Professional Quality Keratin Color products by consumers including but not limited to Plaintiff.

100.     When Defendants made these material representations, they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

101.     Defendants had actual knowledge based upon studies, published reports and clinical experience that its product, Schwarzkopf Professional Quality Keratin Color created an unreasonable risk of serious bodily injury yet Defendants negligently misrepresented to Plaintiff that its hair dyes were safe and met all applicable design and manufacturing requirements.

20

102.     Defendants made these false, material representations with the intention of inducing buyers, including Plaintiff, to act by purchasing the Schwarzkopf Professional Quality Keratin Color by appealing to the buyers' desire to improve their appearance.

103.     Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that she purchased Schwarzkopf Professional Quality Keratin Color specifically under the belief that they would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

104.      As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiff used Schwarzkopf Professional Quality Keratin Color and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

105.     Defendants' actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for punitive damages, for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## NINETH CAUSE OF ACTION
## CONSUMER FRAUD 73 P.S. §§ 201-1 –201-9.2 ET SEQ.

106.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

107.     The Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) 73 P.S. §§ 201-1 –201-9.2, protects consumers, *inter alia*, from advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate,

and includes any trade or commerce directly or indirectly affecting the people of the Commonwealth of Pennsylvania.

108.    The UTPCPL provides, in part, that any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful may bring a private action, to recover actual damages and in addition, a court may award up to three times the actual damages sustained, plus attorneys fees and costs and such additional relief as is necessary and proper.

109.    The UTPCPL precludes, in part, any "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

110.    The UTPCPL precludes, in part, any representations that goods have characteristics, ingredients, uses, benefits or quantities that they do not have.

23.    The UTPCPL precludes, in part, any representations that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

24.    Defendants' conduct and product violated the UTPCPL as previously set forth, including by multiple material representations concerning the safety and effectiveness of Schwarzkopf Professional Quality Keratin Color hair dye, and minimized and downplayed those risks they chose to disclose.

25.    Defendants made these false, material representations with the intention of inducing buyers, including Plaintiff, to act by purchasing the Schwarzkopf Professional Quality Keratin Color by appealing to the buyers' desire to improve their appearance.

26.     Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that she purchased Schwarzkopf Professional Quality Keratin Color specifically under the belief that they would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

27.     As the result of Defendants' violation of the UTPCPL, Plaintiff suffered physical and psychological personal injuries, including but not limited to alopecia, anxiety and depression, and pecuniary losses.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in a sum in excess of the jurisdictional requirement of this court, including treble damages, attorneys fees and costs herein incurred; and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all of the triable issues with this Complaint.

Respectfully submitted,

Dated: April 23, 2019

  /s/  *W. Steven Berman*
W. Steven Berman, Esquire
Pa Bar No: 45927
**NAPOLI SHKOLNIK PLLC**
400 Broadhollow Road, Suite 305
Melville, New York 11747
(212) 397-1000
wsberman@napolilaw.com


*Attorneys for Plaintiff*